

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 27, 1972

Honorable Homer A. Foerster
Executive Director
State Board of Control
P. O. Box 13047, Capitol Station
Austin, Texas   78711

Opinion No. M-1284

Re: Whether the Board of Control
may expend funds out of its
Item 19 appropriation for
the 1972 year for classified
salaries for repairmen, etc.,
and related questions.

Dear Mr. Foerster:

Your request for an opinion reads as follows:

"The General Appropriations Bill for Fiscal
Year beginning September 1, 1972, provides on
Page III-44, line item 19, an appropriation to
the Board of Control as follows:

"'19.   For operating expenses of a Central
Repair Service of dictating equipment owned by
State agencies in Austin . . .   $27,651'

"The question before me as a result of the
language used in the appropriation is as follows:

"(1) Can the Board of Control expend funds
out of this appropriation for 'classified salaries'
for repairmen, for 'consumable supplies and
materials,' for 'current and recurring operating
expenses,' and for 'capital outlay'?

"(2) If the above is answered in the affirma-
tive, is the State Comptroller authorized to issue
warrants for those operating expenses enumerated in
paragraph (1) including classified salaries?

"Reference is made to Paragraph 1, Section 10,
Article V on Page V-37 of the General Appropriations
Bill which is quoted as follows:

"'Section 10.   LIMITATIONS ON USE OF OTHER
EXPENSE FUNDS FOR PAYING SALARIES AND WAGES.
Funds appropriated in Article I, II, and III of

-6300-

this Act, in items designated for consumable supplies and materials, current and <u>recurring operating expense</u> or capital outlay shall be expended only for items set out in the Comptroller's <u>Manual of Accounts</u>, Expenditure Classification, effective November 1, 1965, as amended, and number from 10 to 19 for "consumable supplies and materials," 20 through 28 for "current and recurring operating expense," and 60 to 69 for "capital outlay." It is further provided that such terms shall not include expenditures for personal services including <u>salaries and wages, unless the language of those items explicitly authorizes such use.'</u> (Emphasis added.)

"Quoted below is a portion of the letter of April 7, 1972 (copy attached) prepared and submitted by the Executive Director of the Board of Control which was directed to the Legislative Budget Board and the Governor's Division of Operations Analysis wherein the request was made for the appropriation authorized in line item 19:

"'<u>NEW PROGRAM, DICTATING EQUIPMENT REPAIR SERVICE</u>

Request funding, as follows, for FY-73 as a separate line item to provide a central repair service on dictating equipment owned by State agencies located within the Capitol Complex area:

<u>Personal Services</u>

| | | | |
|---|---|---|---|
| (Group 12-9733) | Instrument and Office Machine Repairman III | (1) | $ 8,352 |
| (Group 11-9732) | Instrument and Office Machine Repairman II | (2) | 15,624 |

<u>Other Expenses</u>

| | |
|---|---|
| Insurance, 3 men - $150 each | 450 |
| Repair parts | 1,000 |
| Tools and test equipment | 225 |
| Capital outlay, one (1) motor scooter | 2,000 |
| Grand Total | $27,651' |

"Reference is also made to line items 15, 16, and 17 in the Board of Control appropriation where 'operating expenses' does include all the expenses enumerated in paragraph 1 above.

"It is the opinion of the Board of Control that the legislature intended the words 'operating expenses' in line item 19 to include 'salaries,' 'consumable supplies and materials,' 'current and recurring operating expenses,' and 'capital outlay.' All expenses enumerated are necessary to carry out the program authorized."

Item 7 of the appropriation to the State Board of Control is for salaries of classified positions.  Item 19 reads as follows:

"For the Year Ending
August 31,
1973

"19. For operating expenses of a
Central Repair Service of
dictating equipment owned
by State agencies in Austin          $27,651"

Item 19 was appropriated specifically for the new program outlined in your request and in the exact amount budgeted by the Board of Control for the program, which budget was apparently approved by the Legislature in making this item of appropriation.

The phrase "operating expenses" as used in this overall context in Item 19 is not to be given the same construction as "current and recurring operating expenses" in a general item of appropriation.  Such construction would in effect render meaningless the appropriation contained in Item 19.  It is therefore our opinion that it was the intent of the Legislature in appropriating Item 19 to make an appropriation for the items of expenditure outlined in your budget which is set out in your request.

You are accordingly advised that the operating expenses of a central repair service of dictating equipment includes all the expenses outlined in your request and such expenses may be paid from Item 19 of the appropriation to the State Board of Control.

S U M M A R Y

Item 19 of the appropriation to the State
Board of Control for operating expenses of a
central repair service of dictating equipment
may be used to pay for necessary expenses re-
lating to such program, including classified
salaries for repairmen, consumable supplies and
materials and capital outlay.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Chairman
J. C. Davis
Jim Broadhurst
Jack Goodman
Houghton Brownlee

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant